IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
APRIL 2000 SESSION

## STATE OF TENNESSEE v. MELISSA STEARNS

**Appeal as of Right from the Criminal Court for Williamson County**
**No. II-1198-382    Timothy Easter, Judge**

_____

**No. M1999-1826-CCA-R3-CD  - Filed September 20, 2000**

The appellant, Melissa Ann Stearns, pled guilty in the Williamson County Circuit Court to one (1) count of reckless endangerment, a Class E felony, and one (1) count of evading arrest, a Class E felony. The trial court sentenced the appellant as a Range I offender to concurrent terms of two (2) years for each offense, suspended after service of thirty (30) days in the Williamson County Jail. On appeal, the appellant contends that the trial court erred in ordering her to serve thirty (30) days in jail. After thoroughly reviewing the record before this Court, we hold that, due to the seriousness of the offenses committed by the appellant, the trial court did not err in denying full probation. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Criminal court of Williamson County is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Ernest W. Williams, Dana C. McLendons, III, Franklin, Tennessee, attorney for the appellant, Melissa Stearns.

Paul G. Summers, Attorney General and Reporter, and David H. Findley attorney, for the appellee, State of Tennessee.

## OPINION

### I.

On April 24, 1998, the appellant was involved in a high-speed police pursuit in Williamson County. The pursuit began when the appellant drove through an accident scene on Nolensville Road and, for no apparent reason, increased her vehicle speed nearly hitting a Williamson County Sheriff's

Deputy who was directing traffic. Other law enforcement personnel followed the appellant, who was traveling at speeds in excess of 90 miles per hour, in an attempt to stop the appellant's vehicle. The pursuit lasted for approximately fifteen minutes[1] until ultimately ending on Interstate 65 North when the appellant collided with the concrete median barrier.

The appellant was subsequently indicted on two (2) counts of felony reckless endangerment, one (1) count of felony evading arrest, one (1) count of driving an unregistered vehicle and one (1) count of driving under the influence of an intoxicant. The appellant thereafter entered a guilty plea to one (1) count of felony reckless endangerment and one (1) count of felony evading arrest. The parties left the determination regarding the length and manner of the appellant's sentences to the trial court.

At the sentencing hearing, the appellant testified that she was twenty-five (25) years old and had never been charged with a criminal offense before this incident. She stated that she could not remember anything regarding the police pursuit, but she acknowledged that cocaine was discovered in her bloodstream following the accident. Although she did not recall voluntarily ingesting cocaine, she conceded the possibility that she did so on the evening prior to the offenses. In addition, the appellant testified that she had abused cocaine for several years and further admitted that she had used cocaine since the incident occurred. However, she stated that she had received both inpatient and outpatient treatment for her addiction and claimed that she was "clean" at the time of the sentencing hearing.

In determining the appellant's sentence, the trial court found as an enhancement factor that the appellant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10).[2] As mitigating factors, the trial court found that the appellant accepted responsibility for her actions and that she tested negative for cocaine on the day of sentencing. Tenn. Code Ann. § 40-35-113(13). After balancing the enhancement factor and the mitigating factors, the trial court imposed concurrent sentences of two (2) years for each offense.

With regard to alternative sentencing, the court recognized that the appellant was presumed to be a favorable candidate for alternative sentencing. The trial court determined, however, that a period of incarceration was necessary in order to avoid depreciating the seriousness of the offenses committed. Thus, the court ordered that the appellant's effective two-year sentence be suspended upon her service of thirty (30) days in the county jail.

From the trial court's imposition of sentence, the appellant now brings this appeal.

## II.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an

---

[1] Williamson County Deputy George Poss testified that he began following the appellant approximately ten (10) minutes after the initial pursuit began. At that point, Officer Poss made a videotape of the police pursuit, and approximately seven (7) minutes lapsed before the appellant's vehicle collided with the concrete median barrier.

[2] The testimony at the sentencing hearing and a videotape of the police pursuit demonstrate that there were numerous other motorists in the area during the commission of the offenses.

affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is simply *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) the evidence, if any, received at the trial and the sentencing hearing;

(2) the presentence report;

(3) the principles of sentencing and arguments as to sentencing alternatives;

(4) the nature and characteristics of the criminal conduct involved;

(5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) any statement the defendant wishes to make in his own behalf about sentencing.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

Although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). Indeed, a defendant seeking full probation bears the burden on appeal of showing that the sentence actually imposed is improper and that full probation will be in both the best interest of the defendant and the public. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).

A trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public in determining whether to grant or deny probation. State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate

to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

## III.

The appellant contends that the trial court erred in sentencing her to a term of confinement prior to the suspension of her sentence. She argues that she has no prior or subsequent criminal history, and the inexplicable nature of the crimes committed demonstrates that she has no sustained intent to violate the law. Additionally, the appellant asserts that the other conditions of probation imposed by the trial court are sufficiently severe to carry out the principles and purposes of sentencing. As a result, she claims that the trial court erred in denying full probation. We respectfully disagree.

The appellant led law enforcement officers on a pursuit at speeds in excess of ninety (90) miles per hour for over fifteen (15) minutes through the streets and highways of Williamson County. By doing so, the appellant not only endangered her own life and the lives of the police officers, but also jeopardized the lives of numerous other innocent motorists and bystanders who are clearly visible from the videotape depicting the incident. Indeed, a viewing of the videotape demonstrates a clear disregard for human life which is shocking. The appellant is truly fortunate that no one was seriously injured by her actions. We, therefore, agree with the trial court that a period of incarceration is necessary to avoid depreciating the seriousness of the offenses committed.

Moreover, although not specifically noted by the trial court, we observe that the appellant admitted to cocaine use following the commission of these offenses. Although the appellant expressed remorse for her conduct at the sentencing hearing and indicated she had stopped using cocaine, criminal behavior since these crimes were committed reflects negatively upon her potential for rehabilitation. A defendant's rehabilitation potential is a proper consideration in determining the propriety of full probation. *See* State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

After considering the nature of the offenses committed and the appellant's potential for rehabilitation, we conclude that a period of thirty (30) days confinement is appropriate under the circumstances of this case. Therefore, the trial court did not err in denying full probation.

## IV.

After throughly reviewing the record before this Court, we conclude that the trial court properly ordered the appellant to serve thirty (30) days in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE
